IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARY HILL,

                              Plaintiff,

v.                                                    Civil Action No. 3:22-cv-00108-DJN

NATIONSTAR MORTGAGE, LLC d/b/a
CHAMPION MORTGAGE, *et al.*,

                              Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANT RAS TRUSTEE SERVICES, LLC'S
MOTION TO DISMISS THE VERIFIED AMENDED COMPLAINT**

In October 2021, Ms. Hill, an elderly consumer who lives on a fixed income, received a foreclosure notice stating that RAS would conduct a foreclosure sale of her home, where she has lived for more than 30 years. Even though this notice was clearly defective and did not comply with Virginia law, RAS foreclosed on her home anyway, causing her significant emotional distress out of fear that she would be homeless at the age of 76. Because Virginia law is clear that RAS was not permitted to proceed with a foreclosure sale without a compliant notice, Ms. Hill sued RAS under the FDCPA, 15 U.S.C. § 1692f(6), which prohibits foreclosure on a property when there is no present right of possession. Now, RAS seeks dismissal of Ms. Hill's FDCPA claim on four grounds, none of which warrant dismissal.

First, RAS argues that Ms. Hill uses the FDCPA to create a private cause of action where it otherwise doesn't exist under Virginia law. This argument misunderstands Ms. Hill's claim, which does not seek to hold RAS accountable for sending a defective notice under state law, but for illegally foreclosing on her home when there was no present right to possession of her property under the FDCPA.

Second, RAS argues that the foreclosure notice was not collection activity governed by the FDCPA. But Ms. Hill's FDCPA claim is not based on the sending of the letter (which was sent by a third-party not a party to this litigation), but the foreclosure sale itself. A foreclosure sale is a collection activity under the FDCPA.

Third, RAS argues that Ms. Hill's FDCPA claim must be dismissed based on the statute of frauds, but the statute of frauds applies only to breach of contract claims and not the FDCPA.

And finally, RAS argues that Ms. Hill has not established the elements of intentional infliction of emotional distress, a claim which Ms. Hill has not even alleged. Instead, she seeks emotional distress damages, which are recoverable under the FDCPA.

Because RAS has not provided a single basis to dismiss Ms. Hill's FDCPA claim, the Court should deny RAS's Motion.

## STANDARD OF LAW

"To survive a motion to dismiss, a complaint must present factual allegations that 'state a claim to relief that is plausible on its face.'" *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In applying this standard, the Fourth Circuit liberally construes the complaint, taking all facts pleaded as true and drawing all reasonable inferences in Plaintiff's favor. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Importantly, a Rule 12(b)(6) Motion does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Easterbrooks v. Am. Red Cross*, No. 2:17-cv-98, 2017 WL 3015809, at *2 (E.D. Va. July 14, 2017) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d. 943, 952 (4th Cir. 1992)). This Court has held that Rule 12(b)(6) Motions should be denied "unless 'it appears beyond doubt that the [P]laintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Bd. of Trustees v.*

*Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 475 (E.D. Va. 2007) (quoting *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991)).

## ARGUMENT

Ms. Hill's FDCPA claim is straightforward. Under Virginia law, a trustee seeking to conduct a foreclosure under a deed of trust must provide the property owner with certain notices. *See* Va. Code § 55.1-321. If the property is owner-occupied residential real estate, then the notice must include: the date of the last payment received and the amount received; the total amount of principal, interest, costs, and fees due in arrears; and the remaining total principal balance due on the instrument. Va. Code § 55.1-321(F). Importantly, "[t]he foreclosure sale cannot go forward unless the trustee has proof that the notice has been sent." Va. Code § 55.1-321(A).

Here, RAS proceeded with a foreclosure of Ms. Hill's owner-occupied residence even though a proper foreclosure notice was never sent. Robertson, Anschutz, Schneid, Crane & Partners, PLLC, a law firm representing the owner of Ms. Hill's note, sent Ms. Hill a foreclosure notice in October 2021, which RAS attached to its Motion. ECF No. 24-1; *see also* Am. Compl. ¶ 33. This notice was defective because it did not include the date of Ms. Hill's last payment and the total amount of principal, interest, costs, and fees due in arrears. *Id.* Even though a proper notice was never sent, RAS foreclosed on Ms. Hill's home on December 6, 2021. Am. Compl. ¶ 48. Because the foreclosure was not to occur until proper notice was sent to Ms. Hill, there was no present right to possession of the property. RAS's foreclosure therefore violated the FDCPA, 15 U.S.C. § 1692f(6). *Id.* ¶¶ 76–79. As a result, Ms. Hill seeks damages from RAS, including the significant lost equity in her home and her emotional distress. *Id.* ¶¶ 49, 80–81.

RAS raises four challenges to Ms. Hill's FDCPA claims. For the reasons discussed below, none warrant the dismissal of her case against RAS.

**I.      Ms. Hill does not seek to hold RAS liable under Virginia law.**

RAS first argues that the Court must dismiss Ms. Hill's FDCPA claim because RAS cannot be held liable for violating Virginia Code § 55.1-321. Alternatively, RAS claims that even if it could face liability, it complied with the statute. Both arguments are wrong, and neither warrants dismissal of Ms. Hill's FDCPA claim.

> *A.     Ms. Hill seeks to hold RAS liable under a federal law that requires interpretation of Virginia law.*

RAS argues that Ms. Hill seeks to create a private right of action under state law that does not otherwise contain an enforcement mechanism. Not so. Ms. Hill does not seek to hold RAS liable for failing to send the proper foreclosure notice. Instead, she seeks damages because RAS improperly foreclosed on her home when there was no present right to possession of the property. This is an important distinction. While Virginia Code § 55.1-321 is the reason that there was no present right to possess the property—because it creates a condition precedent to a nonjudicial foreclosure sale—RAS independently violated the FDCPA when it conducted the foreclosure sale without following the requirements of Virginia law.[1]

None of the cases cited in RAS's motion require a different result. RAS's carefully selected citations merely discuss the implications of the broad "unfair or unconscionable" language in § 1692f's catch-all provision. RAS seems to be confused about Ms. Hill's claim because Ms. Hill has not asserted a claim under that general catch-all provision. Instead, Ms. Hill has sued RAS for violating § 1692f(6), which requires an analysis of Virginia law in order to successfully maintain the claim. The Seventh Circuit's decision in *Richards v. PAR, Inc.*, cited by RAS, illustrates this

---

[1] *See*, *e.g.*, *Mathews v. PHH Mortg. Corp.*, 283 Va. 723, 731 (2012) ("A trustee's power to foreclose is conferred by the deed of trust. That power does not accrue until its conditions precedent have been fulfilled." (citing *Bayview Loan Servicing, LLC v. Simmons*, 275 Va. 114, 121 (2008)).

distinction. There, a consumer sued a debt collector for improper repossession of her car. *Richards v. PAR, Inc.*, 954 F.3d 965, 966–67 (7th Cir.), *cert. denied,* 141 S. Ct. 670 (2020). Along with several state-law claims, the plaintiff alleged a violation of § 1692f(6), asserting that the debt collector had no "present right to possess" her car when it conducted the repossession because Indiana law allowed only a nonjudicial repossession if the repossession occurred without a breach of the peace. *Id.* The district court entered summary judgment for the debt collector, construing the claim as an impermissible attempt to use the FDCPA to enforce a violation of state law. *Id.* In reversing the district court, the Seventh Circuit held that because § 1692f(6) does not define "present right to possession," courts must look to state law to determine whether a debt collector had a right to possess the property at the time of repossession (or, in this case, foreclosure). *Id.* at 968–69. In making this ruling, the Seventh Circuit also clarified its prior rulings, which dealt with § 1692f's broader provision:

> Importantly, both *Beler* and *Bentrud* dealt with § 1692f's general clause prohibiting "unfair or unconscionable" debt-collection methods. We held only that this broad and vague language does not transform every violation of state or federal law into a violation of the FDCPA. Nothing about the general phrase "unfair or unconscionable" requires reference to state law, but elsewhere the FDCPA contains more specific provisions that *do* call for an inquiry into state law. As we've explained, § 1692f(6)(A) is one of them.

*Id. at* 969. *Richards* is not an outlier on this issue. *See*, *e.g.*, *Speleos v. BAC Home Loans Servicing, L.P.*, 824 F. Supp. 2d 226, 233 (D. Mass. 2011) (quoting *Revering v. Norwest Bank Minnesota*, N.A., No. Civ. 99-480, 1999 WL 33911360, at *5 (D. Minn. Nov. 30, 1999)); *Dionne v. Fed. Nat'l Mortg. Ass'n*, No. 15-cv-56, 2016 WL 6892465, at *12 (D.N.H. Nov. 21, 2016) ("Thus, state, not federal, law determines whether a foreclosing party has a present right to possess the property under § 1692f(6)(A)."); *Westbrook v. NASA Fed. Credit Union*, No. 3:17-cv-534, 2019 WL

5

1056356, at *3 (N.D. Ala. Mar. 6, 2019) (gathering cases and noting it is the majority approach), *aff'd*, 799 F. App'x 722 (11th Cir. 2020).

Here, there was no present right to possess Ms. Hill's property because the notice required by Virginia Code § 55.1-321 was not completed. Virginia Code § 55.1-321 is clear that a foreclosure cannot proceed until the notice has been completed. Va. Code § 55.1-321(A) ("The foreclosure sale cannot go forward unless the trustee has proof that the notice has been sent."). As a result, RAS violated § 1692f(6).

RAS also argues that the following language in § 55.1-321 precludes any FDCPA liability: "The inadvertent failure to give notice as required by this subsection shall not impose liability on either the trustee or the secured party." Va. Code § 55.1-321(A). But this Court has already considered this language and rejected a similar argument.

In *Rogers v. Barrett*, the Bankruptcy Court for the Eastern District of Virginia granted the bankruptcy trustee's motion for summary judgment against a substitute trustee for breaching its fiduciary duties of good faith, fair dealing, and impartiality by foreclosing on the debtor's property without first satisfying the conditions precedent to foreclosure under the Deeds of Trust and state law. *Rogers v. Barrett*, No. 3:20-cv-380, 2020 WL 3980029, at *2–3 (E.D. Va. July 14, 2020) (Novak, J.). The Bankruptcy Court found that the trustee sent a defective foreclosure notice that did not comply with Virginia Code § 55.1-321(A) because it listed an incorrect auction date. *Id.* at *3. After the Bankruptcy Court's decision, the substitute trustee moved this Court for permission to appeal the decision. *Id.* One of the grounds for the substitute trustee's appeal was almost identical to the one that RAS has made—that the substitute trustee could not be held liable for breaching the notice requirements of § 55.1-321 based on the language cited above. *Id.* at *6. But the District Court rejected this argument:

6

> As to the remaining questions presented, Rogers fails to demonstrate a substantial ground for difference of opinion. For one, the fourth question presented — whether Rogers could be held liable for breach of her fiduciary duties for failure to provide proper notice, even though Virginia Code § 55.1-321(A) provides that the inadvertent failure to comply with the notice requirements in that statute shall not give rise to liability — mischaracterizes the Bankruptcy Court's decision. The Bankruptcy Court did not hold Rogers liable for her noncompliance with the notice requirements under § 55.1-321, but instead found her liable under the terms of the Deeds of Trust. *Barrett*, 2020 WL 2500628, at *5. Therefore, the language of § 55.1-321(A) proves irrelevant to Rogers' breach and fails to provide a basis for a difference of opinion as to that question. And Rogers' citation to similar language in Virginia Code § 55.1-321(C) under her second question for appeal proves equally unavailing, because, again, the Bankruptcy Court did not rely on that section to find Rogers in breach of her fiduciary duties.

*Id*. Although this case is about a FDCPA claim instead of a breach of fiduciary duty, the result is the same. Ms. Hill is not seeking to hold RAS liable for violating § 55.1-321, but for violating the FDCPA by foreclosing on her home when there was no present right to possession of the property.

  B. *RAS did not comply with Virginia Code § 55.1-321.*

RAS also argues that even if it could be held liable under the FDCPA for its failure to comply with Virginia Code § 55.1-321(A), the Court still should dismiss Ms. Hill's Amended Complaint because: (1) § 55.1-321 does not apply to reverse mortgages and (2) the foreclosure notice complied with § 55.1-321. Again, these arguments are unavailing.

First, § 55.1-321 applies to all nonjudicial trustee sales conducted under a deed of trust, regardless of the type of property: "In addition to the advertisement required by § 55.1-322, the trustee or the party secured shall give written notice of the time, date, and place of **any proposed sale** in execution of a deed of trust . . . ." Va. Code § 55.1-321(A) (emphasis added). In addition, the specific provision at issue provides:

> In the case of a deed of trust conveying **owner-occupied residential real estate**, the notice to the owner in subsections A and B shall include the date of the last payment received and the amount received; the total amount of principal, interest, costs, and fees due in arrears; and the remaining total principal balance due on the instrument.

7

Va. Code § 55.1-321(F) (emphasis added). There is no exception in the code section, or any of the surrounding provisions, that excludes reverse mortgages from these notification requirements. Instead, because RAS conducted a foreclosure sale of owner-occupied residential real estate, it needed to provide the requisite notice. And of course, RAS provides no legal authority in support of its argument that § 55.1-321 does not apply to reverse mortgages.

Instead, it argues that because reverse mortgages generally do not require payments, this section does not apply because the trustee cannot provide information that does not exist. This argument fails. As in Ms. Hill's case, reverse mortgages can sometimes involve monthly payments, including for items like force-placed flood insurance or if a consumer is on a repayment plan, as Ms. Hill alleges in her complaint. The monthly payment is also not the only item required to be disclosed under § 55.1-321(F)—the notice must also include the total amount in arrears. Most often, when a foreclosure is proceeding, there is some amount in arrears, even if it is a reverse mortgage.

This argument dovetails with RAS's incorrect argument that the foreclosure notice complied with § 55.1-321. As shown by RAS's submission of the notice, ECF No. 24-1, the notice only stated the remaining total principal balance due. It did not contain the date of Ms. Hill's last payment, the amount of her last payment,[2] or the total amount of principal, interest, costs, and fees due in arrears—information the notice had to provide because Ms. Hill's property was owner-occupied residential real estate. RAS's contention that the notice complied with Va. Code § 55.1-321 is, therefore, demonstrably false.

---

[2] Even though Ms. Hill's Deed of Trust was for a reverse mortgage, she was making monthly payments to Champion Mortgage for forced-place flood insurance on a repayment plan. Am. Compl. ¶¶ 28–31, 40.

## II. RAS engaged in debt collection activity when it foreclosed on Ms. Hill's home.

RAS also argues that Ms. Hill's FDCPA claim should be dismissed because the foreclosure notice, ECF No. 24-1, is not collection activity governed by the FDCPA. The Court does not even need to decide whether the letter constitutes collection activity because it is not the basis for Ms. Hill's causes of action.

First, RAS, the defendant in this case, did not send the letter to Ms. Hill. Instead, a law firm, Robertson, Anschutz, Schneid, Crane & Partners, PLLC, signed the letter and sent it on its letterhead. So it is unclear why RAS believes that this letter drives the claims against it in this case.

Instead, the collection activity that gives rise to Ms. Hill's claim is the improper foreclosure of her home when there was no present right to possession of the property. Am. Compl. ¶¶ 76–79. This Court has held that conducting a foreclosure is collection activity under the FDCPA. *Yarid v. Ocwen Loan Servicing, LLC*, No. 3:17-cv-484, 2018 WL 3631883, at *4 (E.D. Va. July 31, 2018) ("foreclosure proceedings are a method of consumer debt collection"); *see also Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006) ("We see no reason to make an exception to the [FDCPA] when the debt collector uses foreclosure instead of other methods."). Ms. Hill asserts that RAS conducted a foreclosure of her home, Am. Compl. ¶ 48, and therefore she sufficiently alleges this element of her FDCPA claim. The Court should reject RAS's request to dismiss her claim on this basis.

## III. Virginia's statute of frauds statute is inapplicable to Ms. Hill's FDCPA claim.

RAS also requests dismissal of Ms. Hill's FDCPA claim because her repayment plan with Champion Mortgage was not a written agreement. RAS believes that this requires dismissal of Ms. Hill's FDCPA claim based on Virginia's statute of frauds. RAS is wrong for two reasons.

First, the statute of frauds applies only to contract claims, not torts. *Colonial Ford Truck Sales, Inc. v. Schneider*, 228 Va. 671, 676 (1985) ("The sole function of the statute of frauds is to

prevent enforcement of an oral contract or promise as defined in the statute. The statute does not foreclose relief in a cause in equity based upon misrepresentation . . . and it does not apply to a tort claim based upon actual fraud."); *Cook v. CitiFinancial, Inc.*, No. 3:14-cv-7, 2014 WL 2040070, at *5 (W.D. Va. May 16, 2014); *Bennett v. Bank of Am., N.A.*, No. 3:12-cv-34, 2012 WL 1354546, at *10 (E.D. Va. Apr. 18, 2012) ("BANA also maintains that its communications created a unilateral oral contract, and that enforcement of the contract should be barred by the statute of frauds and fail for lack of consideration. These arguments have no bearing on Plaintiff's fraud claim."). Tellingly, none of the cases that RAS cites in its brief supports applying the statute of frauds in a FDCPA case—or any other tort case. Instead, each of the cited cases concern a breach of contract claim. Because Ms. Hill does not allege a breach of contract claim against RAS, the statute of frauds simply does not apply.

But even if the statute of frauds did apply to FDCPA cases generally, Ms. Hill's claim is not based on a contractual dispute—written or oral. Instead, she has alleged that RAS illegally foreclosed on her home when there was no present right to possession of the property. Am. Comp. ¶¶ 76–79. This claim is not based on Ms. Hill's repayment plan with Champion Mortgage or any contract. There is simply no basis to dismiss Ms. Hill's claim based on the statute of frauds, and the Court should reject RAS's invitation to do so.

**IV.     Ms. Hill has not alleged intentional infliction of emotional distress.**

RAS also seeks dismissal of Ms. Hill's FDCPA claim because she fails to plead a plausible claim for intentional infliction of emotional distress. RAS is correct in one regard—Ms. Hill has not alleged the type of outrageous and severe conduct leading to the type of severe distress that would support such a common law claim. But correct as it may be, RAS's argument is irrelevant. Ms. Hill has not alleged the common law claim of intentional infliction of emotional distress. Instead, she alleges an FDCPA claim seeking, in part, actual damages for the emotional distress

10

that RAS caused her when it illegally foreclosed on her home. Am. Compl. ¶ 80. And several courts, including this one, have held that emotional distress damages are recoverable <u>under the FDCPA</u>. *Selig v. Dean J. Anderson Grp., Inc.*, No. 3:20-cv-54, 2020 WL 5250577, at *1 (E.D. Va. Sept. 3, 2020) ("The FDCPA provides that a plaintiff may recover actual damages, including damages for emotional distress."); *Dryden v. Accredited Collection Agency, Inc.*, No. 3:14-cv-255, 2015 WL 3646649, at *5 (E.D. Va. June 10, 2015) ("With regards to Plaintiff's claim for actual damages, "[t]he FDCPA's actual damages provision also encompasses emotional distress damages."); *Carter v. Countrywide Home Loans, Inc.*, No. 3:07-cv-651, 2009 WL 1010851, at *4 (E.D. Va. Apr. 14, 2009) (collecting cases and holding "Not surprisingly, courts that have analyzed the FDCPA have held that § 1692k's provisions allow for recovery of emotional distress damages.").[3] The Federal Trade Commission Commentary to the FDCPA also shows that "actual damages" for FDCPA violations include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress" as well as "out-of-pocket expenses." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988). The cases that RAS cites in its brief do not require a different result. Each analyzed claims for the tort of intentional infliction of emotional distress, not a request for emotional distress damages under the FDCPA.

In fact, the District of Maryland explicitly rejected a similar argument in a FDCPA case and distinguished the difference between an emotional distress damages claim under the FDCPA

---

[3] *See also McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957–58 (9th Cir. 2011) (upholding jury award of damages for emotional distress under FDCPA); *Valdez v. Arm Wyn, LLC*, No. 7:14-cv-263, 2015 WL 3661102, at *3 (W.D. Va. June 12, 2015); *Davis v. Creditors Interchange Receivable Mgmt.*, LLC, 585 F. Supp. 2d 968, 971–73 (N.D. Ohio 2008); *McGrady v. Nissan Motor Acceptance Corp.*, 40 F. Supp. 2d 1323, 1338 (M.D. Ala. 1998) (finding that damages for mental anguish are recoverable under the FDCPA); *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 185 (D. Del. 1991) (noting that both the Fair Credit Reporting Act (FCRA) and the FDCPA provide for actual damages for emotional distress).

and an intentional infliction of emotional distress claim brought under common law: "First, relying on case law governing claims for intentional infliction of emotional distress, defendants contend that plaintiff is not entitled to damages for emotional distress. Defendants' position is incorrect. Courts have found that damages for emotional distress are available as actual damages under the FDCPA." *Ademiluyi v. PennyMac Mortg. Inv. Tr. Holdings I, LLC*, 929 F. Supp. 2d 502, 536 (D. Md. 2013).

Here, the result should be no different. Dismissal of Ms. Hill's FDCPA claim is not warranted because her emotional distress damages are clearly recoverable under the statute.

## **CONCLUSION**

RAS has not articulated a single basis justifying dismissal of Ms. Hill's Amended Complaint. The Court should deny its Motion.

                                              Respectfully submitted,
                                              **MARY HILL**

                                              By:    */s/ Kristi C. Kelly*
                                              Kristi C. Kelly, VSB #72791
                                              Andrew J. Guzzo, VSB #82170
                                              Casey S. Nash, VSB #84261
                                              J. Patrick McNichol, VSB #92699
                                              KELLY GUZZO, PLC
                                              3925 Chain Bridge Road, Suite 202
                                              Fairfax, VA 22030
                                              Telephone: (703) 424-7572
                                              Facsimile: (703) 591-0167
                                              Email: kkelly@kellyguzzo.com
                                              Email: aguzzo@kellyguzzo.com
                                              Email: casey@kellyguzzo.com
                                              Email: pat@kellyguzzo.com

                                              Jessica W. Thompson, VSB #75514
                                              Sylvia Cosby Jones, VSB #35870
                                              CENTRAL VIRGINIA LEGAL AID SOCIETY
                                              101 W. Broad Street, Suite 101
                                              Richmond, Virginia 23220
                                              Telephone: (804) 200-6037

Facsimile: (804) 649-8794
Email: jessica@cvlas.org
Email: sylvia@cvlas.org
*Counsel for Plaintiff*